IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

MONTE WINSTON,
    *Pro se* Plaintiff,

    v.                                     Civil Action No. 3:22cv114 (DJN)

PENINSULA PACIFIC
ENTERTAINMENT, LLC *et al.*,
    Defendants.

## ORDER
### (Requiring IFP Application and Ghostwriting Form)

This matter comes before the Court on *pro se* Plaintiff Monte Winston's Motion to

Proceed *in Forma Pauperis* ("IFP") (ECF No. 1). In filing his Motion (ECF No.1), Plaintiff has

failed to attach the Application to Proceed IFP Form, as required by the Local Rules. Pro Se

Reference Handbook 5, U.S. Dist. Ct. for the E. Dist. Of Va. (2020).[1] Additionally, Plaintiff did

not attach the Ghostwriting Form required by Local Rule 83.1(M), which the Court requires to

be filed with every *pro se* submission, stating that he did not receive assistance in preparing the

document. Accordingly, the Court hereby ORDERS Plaintiff to file with the Court the IFP

Application Form and the Ghostwriting Form accompanied by a statement that he has not

received assistance in preparing any filing in this case by March 23, 2022. To that end, the Clerk

is hereby DIRECTED to enclose copies of the IFP Application Form and the Ghostwriting Form

with this Order when it is forwarded to Plaintiff.

Additionally, Plaintiff attached a "Notice of Complaint" to his Motion (ECF No. 1-1.) It

appears that Plaintiff intends this document to serve as the operative Complaint in this matter.

---

[1]     Available at https://www.vaed.uscourts.gov/sites/vaed/files/EDVACOMPLETEforProSeHandbook_12-01-2020.pdf.

The Court has reviewed the Notice of Complaint and finds that it does not satisfy Federal Rule of Civil Procedure 8, which requires a short and plain statement of the grounds for this Court's jurisdiction and a short and plain statement of the claims showing that a plaintiff is entitled to relief. Accordingly, it is hereby ORDERED that, by March 23, 2022, Plaintiff shall file a particularized amended complaint that outlines in simple and straightforward terms why Plaintiff thinks that she is entitled to relief and why the Court has jurisdiction over this case, pursuant to Federal Rule of Civil Procedure 8(a)(1) and (2).

The particularized amended complaint SHALL COMPLY with the following directions:

1.   The caption of the particularized amended complaint must identify it as the "Amended Complaint for Civil Action No. 3:22cv114."

2.   The first paragraph of the particularized amended complaint must contain a list of the defendant(s). Thereafter, in the body of the particularized amended complaint, Plaintiff must set forth legibly, in separately numbered paragraphs, a short statement of the facts giving rise to her claims for relief. Thereafter, in separately captioned sections as "Count One," "Count Two," etc., Plaintiff must clearly identify each federal or state law allegedly violated. Under each section, Plaintiff must list each defendant purportedly liable under that legal theory and explain why she believes each defendant is liable to her. Such explanation should reference the specific numbered factual paragraphs in the body of the particularized amended complaint that support that assertion.

3.   Plaintiff should also include the relief that she seeks. If she seeks money damages, Plaintiff should include the dollar amount of damages. If Plaintiff seeks injunctive relief, she should state what she would like the injunction to do.

4.      The particularized amended complaint must stand or fall on its own accord.

          Plaintiff may not reference statements in the prior Complaint (ECF No. 1-1).

5.      The particularized amended complaint must omit any unnecessary incorporation

          of factual allegations for particular claims and any claim against any defendant

          that is not well-grounded in the law and fact. *See Sewraz v. Guice*, 2008 WL

          3926443, at \*2 (E.D. Va. Aug. 26, 2008).

Once filed, the particularized amended complaint will become the operative complaint in this case. Plaintiff is hereby ADVISED that, if he does not satisfy these requirements, his Motion for Leave to Proceed *in forma pauperis* will be denied.

Failure to follow the Court's directive and with applicable rules will result in DISMISSAL of this action for failure to prosecute under Federal Rule of Civil Procedure 41(b).

Let the Clerk file a copy of this Order electronically, notify all counsel of record and send a copy to Plaintiff at his address of record, with copies of the IFP Application and Ghostwriting Forms enclosed.

It is so ORDERED.

_____/s/_____
David J. Novak
United States District Judge

Richmond, Virginia
Dated: March 2, 2022