IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

MONTE WINSTON,
    *Pro se* Plaintiff,

v.                                           Civil Action No. 3:22cv114 (DJN)

PENINSULA PACIFIC
ENTERTAINMENT, LLC *et al.*,
    Defendants.

**MEMORANDUM ORDER**
**(Dismissing Case)**

This matter comes before the Court on *pro se* Plaintiff Monte Winston's Motions to Proceed *in Forma Pauperis* ("IFP") (ECF Nos. 1, 3) and Amended Complaint (ECF No. 4). First, the Court finds Plaintiff qualified to proceed *in forma pauperis* and, therefore, the Court hereby DENIES AS MOOT Plaintiff's First Motion to Proceed IFP (ECF No. 1) and GRANTS his Second Motion to Proceed IFP (ECF No. 3). Second, for the reasons set forth below, the Court hereby DISMISSES WITHOUT PREJUDICE Plaintiff's Complaint pursuant to 28 U.S.C. § 1915.

### I.    STANDARD OF REVIEW

Congress enacted the federal IFP statute, in part, not only to help indigent litigants have meaningful access to the federal courts, but also to help district courts avoid the burden of baseless litigation, the cost of which the public bears. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Per that statute, district courts have the authority to review and dismiss a complaint before filing or any time thereafter. *See* 28 U.S.C. § 1915(e)(2) (giving the court authority to "dismiss the case at any time"); *Neitzke*, 490 U.S. at 324 (stating that courts often dismiss cases under § 1915 "*sua sponte* . . . to spare prospective defendants the inconvenience and expense of

answering complaints"). Indeed, the statute mandates that the court "shall dismiss the case at any time" if it makes a determination that:

    (A) the allegation of poverty is untrue; or

    (B) the action or appeal –
        (i) is frivolous or malicious;
        (ii) fails to state a claim on which relief may be granted; or
        (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

Of course, the Court affords *pro se* complaints a liberal construction. *Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006) (citing *Hemphill v. Melton*, 551 F.2d 589, 590-91 (4th Cir. 1977)). However, the Court need not attempt "to discern the unexpressed interest of the plaintiff." *Id.* Nor does the requirement of liberal construction excuse a clear failure in the pleading to allege a federally cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390-91 (4th Cir. 1990) (affirming dismissal of certain claims brought by *pro se* plaintiff despite liberal construction). As the Fourth Circuit explained, "[t]hough [*pro se*] litigants cannot, of course, be expected to frame legal issues with the clarity and precision ideally evident in the work of those trained in law, neither can district courts be required to conjure up and decide issues never fairly presented to them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1276 (4th Cir. 1985). Even with this liberal construction, the Court finds that it must dismiss Plaintiff's Amended Complaint for failing to state a claim.

## II. ANALYSIS

Here, Plaintiff's Amended Complaint appears to allege that he lost $1,100 while using Defendants' horse-betting machines due to Defendants' fraud and noncompliance with local, state and federal laws. He alleges violations of 18 U.S.C. § 1001, 18 U.S.C. § 152, 41

2

U.S.C. § 503 and 42 U.S.C. § 7420. (Am. Compl. ¶¶ 1-3.) The Court also construes the Amended Complaint to allege breach of contract. (Am. Compl. ¶ 3.)

The Amended Complaint fails to state a claim against Defendant, and the Court must dismiss this action.[1] Under the IFP statute, 28 U.S.C. § 1915, the Court takes a broader review of the factual allegations than under Rule 12(b)(6). *See Neitzke*, 490 U.S. at 327 ("Rule 12(b)(6) does not countenance [] dismissals based on a judge's disbelief of a complaint's factual allegations . . . [Section 1915] accords judges . . . the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."). However, the Court still tilts the review under § 1915 in the plaintiff's favor, and the review "cannot serve as a fact-finding process for the resolution of disputed facts." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

Plaintiff cannot make out claims under 18 U.S.C. § 1001, 18 U.S.C. § 152, 41 U.S.C. § 503 or 42 U.S.C. § 7420, nor can he make out a breach of contract claim. First, 18 U.S.C. § 152 criminalizes fraud in bankruptcy proceedings, and 18 U.S.C. § 1001 criminalizes willfully and knowingly submitting a false statement to a governmental agency. Neither of these statutes provides a standalone right of action that would allow a private citizen to bring suit to enforce the statutes. *Hilgeford v. National Union Fire Ins. Co. of Pittsburgh*, 2009 WL 302161, at *4 (E.D. Va. Feb. 6, 2009) (finding that criminal statutes do not provide a standalone civil cause of action). Second, 41 U.S.C. § 503 does not exist. Third, 42 U.S.C. § 7420 provides the process for assessing noncompliance penalties under the Clean Air Act, 42 U.S.C. §§ 7401-

---

[1] "Because a § 1915 [(e)(2)(B)] dismissal is not a dismissal on the merits, but rather an exercise of the court's discretion under the *in forma pauperis* statute, the dismissal does not prejudice the filing of a paid complaint making the same allegations. It could, however, have a *res judicata* effect on frivolous determinations for future *in forma pauperis* petitions." *Denton*, 504 U.S. at 33.

7671q, which clearly does not apply in this action. Finally, Plaintiff claims that Defendant Peninsula Pacific Entertainment, LLC breached the terms and conditions of "the contract," but he does not specify which contract, the terms of the contract, how Peninsula Pacific breached the contract, or whether he even constituted a party to the contract. Because all of Plaintiff's claims fail, the Court must dismiss the Amended Complaint.

Additionally, the Court also lacks jurisdiction over this matter. Plaintiff asserts that the Court has federal question jurisdiction. (Am. Compl. at 2.) However, because Plaintiff's claims under federal law fail, the Court lacks federal question jurisdiction under 28 U.S.C. § 1331. Furthermore, Plaintiff asserts that the Court possesses diversity jurisdiction over his claims under 28 U.S.C. § 1332. (Am. Compl. at 2.) To exercise diversity jurisdiction, a cause of action must involve an amount in controversy greater than $75,000, and the parties must be completely diverse. 28 U.S.C. § 1332(a)(1). Complete diversity necessitates that each defendant have citizenship in a different state than the plaintiff. *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 267 (1806). The party invoking federal subject matter jurisdiction bears the burden of establishing that its case satisfies all jurisdictional requirements. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 182-83 (1936)). Although Plaintiff alleges that one of the Defendants has citizenship in Illinois, he never alleges facts as to his own citizenship or the citizenship of the other two Defendants. (Am. Compl. at 2.) Because the Court cannot presume complete diversity between the parties, it lacks diversity jurisdiction over Plaintiff's claims.

### III. CONCLUSION

For the reasons stated above, pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court hereby DISMISSES WITHOUT PREJUDICE Plaintiff's Amended Complaint against Defendants.

Furthermore, the Court certifies that an appeal *in forma pauperis* would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3). The Court hereby notifies Plaintiff that should he wish to appeal this Memorandum Order, written notice of the appeal must be filed within thirty (30) days of entry hereof. Failure to file a notice of appeal within the stated period may result in the loss of the right to appeal.

This case is now CLOSED.

Let the Clerk file a copy of this Memorandum Order electronically, notify all counsel of record and forward a copy to Plaintiff at his address of record.

It is so ORDERED.

/s/
David J. Novak
United States District Judge

Richmond, Virginia
Dated: May 9, 2022